## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

### COURT FILE NO.: CV - *16-6486*

---------------------------------------------------

GILBERT HENDERSON

             Plaintiff,                           **VERIFIED COMPLAINT**

   -against-

TUNSTALL AMERICAS
AMERICAN MEDICAL ALERT CORP.
EREZ PICK
SETH MURASKIN

             Defendant.

-----------------------------------------------------

For this complaint, the Plaintiff Gilbert Henderson by and through his attorney, Mikhail Usher, Esq., states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1337 pursuant to 29 U.S.C. § 201 and U.S.C. § 206; N.Y. Lab. Law § 652.

2. This Court has supplemental jurisdiction over Plaintiff's New York Labor Law Claims pursuant to 28 U.S.C. § 1367.

3. This action arises out of Defendants' repeated violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter "FLSA").

4. Venue and personal jurisdiction are proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a) & (c) because a substantial part of the events and omissions giving rise to the claim occurred within this District and the Defendant company "American Medical Alert Corp." has its principle place of business in Queens County in the State of New York and moreover all defendants conduct a substantial portion of their business activity in this District.

## PARTIES

5. Plaintiff, GILBERT HENDERSON is a natural adult person who resides in Brooklyn, New York.

6. Defendant, TUNSTALL AMERICAS (hereinafter "TUNSTALL") is a domestic corporation doing business within the State of New York with offices in the State of New York located at 33-36 33rd Street, Suite 103, Long Island City, New York 11106;

7. Defendant, AMERICAN MEDICAL ALERT CORP. (hereinafter "AMERICAN") is upon information and belief a domestic corporation doing business within the State of New York with offices in the State of New York located at 33-36 33rd Street, Suite 103, Long Island City New York 11106 Defendant, EREZ PICK, (hereinafter "PICK") is upon information and belief a natural person who is a resident, citizen and domiciliary of New York State and is one of the managers of the establishment located at  33-36 33rd Street, Long Island City, New York 11106;

8.  Defendant, SETH MURASKIN, is upon information and belief a natural person who is a resident, citizen and domiciliary of New York State and is one of the managers/head of Human Resources of the establishment located at 33-36 33rd Street, Long Island City, New York 11106;

9.  Defendant(s) are the owners and operators of a Medical Alert business located in Long Island City, New York at the Defendant(s) above referenced address with locations all over the Nation and the United Kingdom;

## NATURE OF THE CLAIM

10. The instant action is brought by Plaintiff due to Defendants' repeated violations of New York State and Federal employment laws pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), New York Labor Law ("Labor Law") §§ 190, 650, 651, 652 et seq., New York Wage Theft Prevention Act and applicable regulations. Plaintiff alleges that he is (i) entitled to unpaid overtime wages from Defendant for his work beyond forty (40) hours per week; (ii) entitled to liquidated damages equal to his unpaid overtime wages under the FLSA as well as New York Labor Law.

11. Pursuant to New York Labor Law, Article 6 (unpaid hourly wages) and Article 19 (unpaid overtime wages), Plaintiff alleges that he is: (i) entitled to unpaid overtime wages from Defendant for his work beyond forty (40) hours per week or ten (10) hours per day; (ii) entitled to liquidated damages equal to one hundred

percent (100%) of his unpaid overtime wages pursuant to FLSA as well as New York Labor Law.

## FACTUAL ALLEGATIONS

### A. Employment of Plaintiff

12. From approximately December 3rd, 2013 to August 12th, 2016 Plaintiff was within the employ of Defendant(s) within the meaning of §§ 2, 190, 651, 652 of the New York Labor Law.

13. From approximately December 3rd, 2013 to August 12th, 2016 Plaintiff was within the employ of Defendant(s) within the meaning of 29 U.S.C. § 203 and 206 of the FLSA.

14. In performing his duties for Defendant(s), Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

15. In performing his duties for Defendant(s), Plaintiff used goods and products that had been moved or produced in interstate commerce.

16. In performing his duties for Defendant(s), Plaintiff provided services to customers who resided and reside in States other than New York.

17. In performing his duties for Defendant(s), Plaintiff provided services paid for by persons or entities from outside the State of New York.

18. In performing his duties for Defendant(s), Plaintiff provided services paid for by public entities from outside the State of New York.

19. From the inception of the Defendant Corporation to the filing of the instant complaint, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

20. From the date that the above referenced, natural person Defendant(s) became Officers and/or shareholders and/or managers of the Defendant Company, they have been engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

21. At all relevant times, all Defendant(s) have used goods and products that have moved or been produced in interstate commerce to carry out their business.

22. At all relevant times, all Defendant(s) have provided services to customers who reside in states other than the State of New York.

23. At all relevant times, all Defendant(s) have received payment for their services from private persons or entities from outside the State of New York;

24. At all relevant times, all Defendant(s) have received payment for their services from public entities from outside the state of New York.

**B. The Parties' Employment Relationship**

25. Plaintiff was employed by Defendant(s) from approximately December 3rd, 2013 to August 12th, 2016 (hereinafter "Covered Period").

26. Throughout the Covered Period, Plaintiff worked for Defendant as a Dispatcher primarily responsible for routing technicians to various job sites.

27. Throughout the Covered Period, Plaintiff was a full time employee of defendant(s);

28. Throughout the Covered Period, Defendant(s) scheduled Plaintiff to work Five (5) days a week, ten (10) to twelve (12) hours per day for his 32 months of employment;

29. Throughout the Covered Period, Plaintiff's work shifts for Defendant(s) always exceeded forty (40) hours per week.

30. Throughout the Covered Period, Plaintiff's work shifts for Defendant(s) always were or had exceeded ten (10) hours per day.

31. Throughout the Covered Period the Defendant(s) paid Plaintiff a yearly salary as follows:

a. $52,500.00 to start.

b. $53,000.00 in October of 2014.

c. $55,000.00 in October of 2015.

32. The Plaintiff and Defendant(s) agreed in writing through an offer letter at the start of Plaintiff's employment with Defendant(s) to the above referenced salary terms.

33. Throughout the Covered Period, Defendant(s) failed to pay Plaintiff overtime premium compensation of one and a half times his regular rate of pay for hours Plaintiff worked beyond forty hours per week;

34. Plaintiff was paid **Fifty Two Thousand Five Hundred Dollars ($52,500.00)** per year for the period of December 2013 to October 2014 which equals to approximately **Sixteen Dollars and Eighty Three Cents ($16.83)** per hour for the first 40 weekly hours. Thus, Plaintiff is entitled overtime rate of **Twenty Five Dollars and Twenty Four Cents ($25.24) for the additional 20 weekly hours he worked for Defendants weekly.**

35. The difference per week in the amount paid to Plaintiff by Defendants verses the amount owed to Plaintiff by Defendant(s) for December of 2013 to October of 2014 is **One Hundred Sixty Eight Dollars ($168.00),** or **Seven Thousand, Five Hundred Sixty Dollars ($7,560.00)** for the period of December 2013 to October 2014.

36. Plaintiff was paid **Fifty Three Thousand Dollars ($53,000.00)** per year for the period of October 2014 to October of 2015 which equals to approximately **Sixteen Dollars and Ninety Nine Cents ($16.99)** per hour for the first 40 weekly hours. Thus, Plaintiff is entitled overtime rate of **Twenty Five Dollars and Forty Eight Cents ($25.48) for the additional 20 weekly hours he worked for Defendants weekly.**

37. The difference per week in the amount paid to Plaintiff by Defendants verses the amount owed to Plaintiff by Defendant(s) for **October of 2014 to October of 2015 is One Hundred Seventy Dollars and Seventy Cents ($170.70),** or

**Eight Thousand, Eight Hundred Seventy Six Dollars and Forty Cents ($8,876.40)** for the period of October 2014 to October 2015.

38. Plaintiff was paid **Fifty Five Thousand Dollars ($55,000.00)** per year for the period of October 2015 to August 12th, 2016 which equals to approximately **Seventeen Dollars and Sixty Three Cents ($17.63)** per hour for the first 40 weekly hours. Thus, Plaintiff is entitled overtime rate of **Twenty Six Dollars and Forty Five Cents ($26.45) for the additional 20 weekly hours he worked for Defendants weekly.**

39. The difference per week in the amount paid to Plaintiff by Defendants verses the amount owed to Plaintiff by Defendant(s) for **October of 2015 to August 12th, 2016 is One Hundred Seventy Six Dollars and Forty One Cents ($176.41),** or Seven **Thousand, Two Hundred Thirty Two Dollars and Eighty One Cents ($7,232.81)** for the period of October 2015 to August 12th, 2016.

40. Thus, the total amount owed to Plaintiff by Defendants for unpaid overtime wages throughout the duration of his employment is **Twenty Three Thousand, Six Hundred Sixty Nine Dollars and Twenty One Cents ($23,669.21).**

41. Plaintiff was entitled to "Spread of Hours" compensation pay for the duration of his employment. Plaintiff worked more than ten (10) hours per day for 138 weeks, 5 days a week. The amount owed to Plaintiff by Defendant(s) for

"Spread of Hours" compensation is **Five Thousand Six Hundred Fifteen Dollars($5,615.00)**.

42. Plaintiff worked for 138 weeks in total at American Medical Alert Corp. The total principal amount owed to Plaintiff consisting of unpaid overtime and spread of hours compensation is **Twenty Nine Thousand, Two Hundred Eighty Four Dollars and Twenty One Cents ($29,282.21).**

## C. Liability of Individual Officers

41.    Pursuant to FLSA 29 U.S.C. § 203(d), an employer is defined as; *"any person acting directly or indirectly in the interest of an employer in relation to the employee."*

42.    Throughout the Covered Period, all defendant(s) named in this action, had interest of an employer in relation to the employee, specifically work being performed by the Plaintiff benefited the Defendant(s) in conducting their business. Moreover, Defendant(s) supervised, directed and instructed Plaintiff throughout the Covered Period;

**COUNT I**
**VIOLATIONS OF THE FLSA 29 U.S.C. § 201 et seq.**

43.    Plaintiff alleges and incorporates by reference all of the above allegations in this section;

44. Pursuant to FLSA, Plaintiff was entitled to overtime premium compensation from Defendant in the amount of one and one-half times his regular rate of pay for hours he worked beyond forty (40) per week while in the employ of Defendant(s);

45. By the above referenced course of conduct, Defendant(s) have violated the FLSA;

46. Defendant(s) have shown evidence and a pattern of behavior that indicate that they have violated the FLSA willfully and in a wanton manner;

47. Due to Defendant(s) FLSA violations, Plaintiff is entitled to recover from the Defendant(s) his unpaid wages which were stolen from him by Defendants business, his overtime compensation, liquidated damages, reasonable attorneys' fees, and costs associated with this action and subsequent litigation, pursuant to 29 U.S.C. § 216 (b);

48. Other employees of Defendants, who are similarly situated to Plaintiff, are entitled to the same relief that Plaintiff seeks under the FLSA;

## COUNT II
## VIOLATIONS OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND ARTICLE 19

49. Plaintiff alleges and incorporates by reference all of the above allegations.

50. Under New York Labor Law, Plaintiff was entitled to overtime premium compensation from Defendant at the rate of One and One-Half times his regular rate of pay for hours he worked beyond forty (40) per week;

51. Under New York Labor Law, 12 NYCRR 142-2.4, Plaintiff was entitled to "Spread of Hours" compensation from Defendant of an hour's pay at the State's minimum wage rate for each day he worked more than ten (10) hours for Defendant(s).

52. By the above detailed course of conduct, Defendant(s) have violated the New York Labor Law;

53. Upon information and belief Defendant(s) violated the New York Labor Law willfully, with a wanton disregard for the health and safety of their employees;

54. Due to Defendant(s)' New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs of this action and subsequent litigation, pursuant to New York Labor Law §§ 198, 663(1);

## TRIAL BY JURY

55. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant and respectfully requests the Court to grant the following relief:

56.     Award Plaintiff all unpaid wages including but not limited to the following;

       A. His unpaid overtime compensation due under New York Labor Law;

       B. His unpaid Spread of Hours compensation under New York Labor Law;

       C. His unpaid overtime compensation due under FLSA;

57.     Award Plaintiff statutory damages for Defendants failure to provide wage statements and failure to notify under New York Labor Law.

58.     Award Plaintiff all liquidated damages including, but not limited to the following;

       A. Liquidated damages equal to One Hundred Percent (100%) of his unpaid hourly overtime compensation under the New York Labor Law;

       B. Liquidated damages equal to One Hundred Percent (100%) of his unpaid hourly overtime compensation under the FLSA;

59.     Award Plaintiff any prejudgment interest;

60.     Award Plaintiff reasonable attorneys' fees and the reasonable costs of this action;

61.     Award to all similarly situated employees who opt into this action the same relief that Plaintiff is awarded under the FLSA; and

62. Award such other and further relief as this honorable Court deems just and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.


Dated: Brooklyn, New York
November 21ˢᵗ, 2016

Respectfully submitted,
MIKHAIL USHER, ESQ.
*Attorney for Plaintiff.*

By:     __/s/ Mikhail Usher_____
        Mikhail Usher, Esq.
        2711 Harway Avenue
        Brooklyn, NY 11214
        Ph: (718) 484-7510
        Fx: (718) 865-8566
        musheresq@gmail.com

-13-

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW YORK      )

                                  )    ss

COUNTY OF KINGS       )

Plaintiff GILBERT HENDERSON, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

GILBERT HENDERSON

Subscribed and sworn to before me
this 21ˢᵀ day of November, 2016.

Notary Public

MIKHAIL USHER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02US6348842
Qualified in Kings County
Commission Expires 10/03/2020